**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-238T
(Filed: October 27, 2016)
NOT FOR PUBLICATION

**FILED**

OCT 2 7 2016

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JOHN J. DEZMAN, )<br><br>*Pro Se* Plaintiff, )<br><br>v. )<br><br>THE UNITED STATES, )<br><br>Defendant. ) | Pro Se Plaintiff; Motion to Dismiss for<br>Lack of Jurisdiction; RCFC 12(b)(1);<br>Tax Refund; Wrongful Levy |

## ORDER GRANTING MOTION TO DISMISS

Pending before the court is defendant the United States' ("the government")

motion, filed August 8, 2016, to dismiss the above-captioned case for lack of jurisdiction

pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").

In his complaint, pro se plaintiff John J. Dezman claims that he is entitled to

damages and injunctive relief on the grounds that the government has collected more

taxes from him than he owes, the correct amount of which he alleges is zero, in violation

of the United States Constitution and 26 U.S.C. § 7214.  Mr. Dezman also alleges that the

government has violated the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. §§ 1961-68, and the Hobbs Act, 18 U.S.C. § 1951.  Mr. Dezman

also alleges that the government has violated his privacy rights and his rights to be secure

7011 0470 0002 5084 3792

in his house, papers, and effects. Mr. Dezman states that this court has jurisdiction to hear his claims pursuant to the Tucker Act, 28 U.S.C. § 1491, and 26 U.S.C. § 7426, which permits certain actions based on a wrongful levy.[1]

In the pending motion to dismiss, the government argues that the court lacks jurisdiction to hear Mr. Dezman's case, which the government characterizes as a tax refund suit, because Mr. Dezman has failed to plead any facts to establish that he fully paid his assessed tax liability and filed a valid, timely claim for a tax refund. In addition, the government argues that the court lacks jurisdiction to hear Mr. Dezman's case to the extent his claims allege violations of criminal law or sound in tort. Finally, the government argues that the court lacks jurisdiction to hear Mr. Dezman's other claims because the complaint fails to identify any "money-mandating" source of law. The court finds that oral argument is not necessary.

A plaintiff has the burden of establishing the court's subject matter jurisdiction by . a preponderance of the evidence. *See Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015) (citing *Brandt v. United States*, 710 F.3d

---

[1] Mr. Dezman also names as defendants the United States Attorney General and the Commissioner of the IRS. Because the only proper defendant for any matter before this court is the United States, the court construes Mr. Dezman's claims as claims against the United States. *See* 28 U.S.C. § 1491; RCFC 10(a) (requiring that the United States be designated as the defendant in any complaint before this court); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941))).

1369, 1373 (Fed. Cir. 2013); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993)). If a motion to dismiss for lack of jurisdiction challenges the jurisdictional facts alleged in the complaint, the court may consider relevant evidence outside the complaint in order to determine whether it has jurisdiction. *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing *Reynolds*, 846 F.2d at 747). Although pro se plaintiffs are held to less stringent pleading standards, they must still demonstrate that the court has jurisdiction to hear their claims. *See Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted).

The Tucker Act, 28 U.S.C. § 1491(a)(1), grants this court jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." However, the Tucker Act does not create a substantive cause of action. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008). "[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.* (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

Generally, under the Tucker Act, this court has jurisdiction to hear claims for a refund of tax alleged to have been erroneously or illegally assessed or collected. *See, e.g., RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). One prerequisite to bringing a tax refund claim in this court is "payment of the assessed taxes in full." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (citing *Flora v. United States*, 362 U.S. 145, 177 (1960); *Rocovich v. United States*, 933 F.2d 991, 993-94 (Fed. Cir. 1991)). In addition, under 26 U.S.C. § 7422(a), "[n]o suit . . . shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund . . . has been duly filed with" the IRS. *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7 (2008); *see also* RCFC 9(m) (requiring a party pleading a claim for a tax refund to include with the complaint a copy of the claim for refund and a statement identifying, among other things, the tax year or years for which a refund is sought; "the amount, date, and place of each payment to be refunded"; and "the date and place the claim for refund was filed").

In response to the government's motion to dismiss his tax refund claims for lack of jurisdiction, Mr. Dezman argues that he "has indeed paid his 'assessed tax liability' due to the IRS levy" and that the subsequent release of the levy shows that the assessed tax liability was paid in full. Pl.'s Resp. 1. Mr. Dezman further asserts that he "noticed" the

IRS, Compl. ¶ 8, and states that he "did in fact file a claim for refund" consistent with the requirements of 26 U.S.C. § 7422(a). Pl.'s Resp. 1.[2]

The court agrees with the government that Mr. Dezman's conclusory statements are insufficient to establish that this court has jurisdiction to hear his tax refund claim. *See Banks*, 741 F.3d at 1277; *see also* RCFC 9(m). Mr. Dezman provides no evidence in support of his statements that he paid the assessed taxes in full or that he filed a refund claim with the IRS. Moreover, Mr. Dezman provides no indication as to which year or years he is seeking a refund, which would allow the government to reasonably investigate his claims. The government, in its reply, states that Mr. Dezman in fact still has an outstanding balance of nearly $20,000 in unpaid taxes for tax year 2012. Def.'s Reply 4 (citing Ex. A at A-4).

The court also agrees with the government that it lacks jurisdiction to hear Mr. Dezman's wrongful levy claim pursuant to 26 U.S.C. § 7426 to the extent Mr. Dezman alleges it separately from his tax refund claim. Section 7426(a)(1) permits a third party to bring a civil action against the United States in a district court of the United States, not

---

[2] In his complaint, Mr. Dezman states that he "noticed the IRS pursuant to 26 USC 7432." Compl. ¶ 8. Section 7432 of the Internal Revenue Code ("IRC") is titled "civil damages for failure to release lien" and provides in relevant part that a "taxpayer may bring a civil action for damages against the United States in a district court of the United States," not this court, for wrongful failure to release a lien on the taxpayer's property.

In his response to the government's motion to dismiss, Mr. Dezman states that he filed his administrative refund claim "under 26 CFR 301.7433-1." Pl.'s Resp. 1. Section 301.7433-1 is titled "civil cause of action for certain unauthorized collection actions" and provides in relevant part that a "taxpayer may bring a civil action for damages against the United States in federal district court," not this court, in connection with unauthorized tax collection after filing an administrative refund claim pursuant to 26 C.F.R. § 301.7433-1(e).

this court, for a wrongful levy. *See Dennis v. United States*, 976 F.2d 748 (Fed. Cir.

1992) (per curiam); *Four Rivers Investments, Inc. v. United States*, 77 Fed. Cl. 592, 604

(2007), *aff'd sub nom. Four Rivers Inv., Inc. v. United States*, 330 F. App'x 919 (Fed.

Cir. 2009) (per curiam); *Pacetti v. United States*, 50 Fed. Cl. 239, 252-53 (2001).

The court further finds that it lacks jurisdiction to hear Mr. Dezman's criminal law

claims and tort claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). *See Dumont*

*v. United States*, 345 F. App'x 586, 593 (Fed. Cir. 2009) (per curiam) ("[A] felony claim

for extortion is clearly not within the Claims Court's jurisdiction because the Claims

Court has no jurisdiction over claims of criminal misconduct, including [plaintiff's]

further assertion of a claim arising under RICO." (citing *Joshua v. United States*, 17 F.3d

378, 379 (Fed. Cir. 1994))); *see also Johnson v. United States*, 127 Fed. Cl. 529, 537,

*reconsideration denied*, 127 Fed. Cl. 661 (2016) ("The Court also cannot decide

[plaintiff's] Hobbs Act claims because they either involve criminal code violations or

sound in tort." (quoting *Haka v. United States*, 107 Fed. Cl. 111, 114 (2012)).

Finally, the court finds that it lacks jurisdiction to hear Mr. Dezman's other claims

because those claims are not based on a money-mandating source of law. In particular,

this court is bound by Federal Circuit precedent holding that the Fourth Amendment,

which provides for "[t]he right of the people to be secure in their persons, houses, papers,

and effects, against unreasonable searches and seizures," does not mandate the payment

of money for its violation. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997).[3]

For the reasons above, the court finds that it lacks jurisdiction to hear Mr. Dezman's complaint.[4] Therefore, the government's motion to dismiss is **GRANTED**. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

[3] Mr. Dezman also asserts that he has identified a money-mandating source of law based on his selection of the "suit code" for "miscellaneous – damages" in the cover sheet accompanying his complaint. Pl.'s Resp. 2. However, "nature of suit" codes are not themselves sources of law.

[4] The court also finds that it lacks jurisdiction to grant Mr. Dezman's requested injunction. *See, e.g., Champion v. United States*, 615 F. App'x 690, 691 (Fed. Cir. 2015) (per curiam) (citation omitted).